**WO**

Not Intended for Publication

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Lucero, et al., | No. CIV 09-0363-PHX-DKD |
| Plaintiffs, | |
| vs. | **ORDER** |
| Jeff Ruby, et al., | |
| Defendants. | |

At the April 8, 2011 oral argument on a number of pending motions the Court ruled from the bench on some matters but took others under advisement. The Court announced and explained its decision regarding its findings that questions of fact existed as to whether Defendant Ruby violated Plaintiff's[1] right to be free from excessive force and whether Defendant Ruby was protected by qualified immunity. The Court took under advisement Defendants' requests for summary adjudication in their favor of the claims for supervisor and municipal liability, negligence, and Plaintiff's battery claim.

*§ 1983 Supervisor Liability Claim Against Defendant Fazz*

The Court will deny Defendants' Motion with respect to the § 1983 claim against Defendant Fazz. As the police officer in charge of the entry team and the officer who ordered Defendant Ruby to breach the door, Defendant Fazz faces potential liability as an integral participant. *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004).

---

[1] Plaintiff Joe Lucero was dismissed from this action on April 8, 2011.

*§ 1983 Supervisor Liability Claim Against Defendants Lekan, Raebel, and Robinson*

Plaintiffs' Response to Defendants' Motion for Summary Judgment states "[t]he liability of Lekan and Robinson are addressed in Plaintiffs' motion for summary judgment and the pleadings to be filed supporting that motion." Plaintiffs' Response (Doc. 115) at p. 12. Plaintiffs' Motion for Partial Summary Judgment (Doc. 108), which the Court has denied, seeks summary adjudication that Defendants have violated Plaintiff's Fourth Amendment rights by wrongfully seizing her property. The Court has determined that Plaintiffs' Amended Complaint does not assert a seizure claim. Thus it is questionable whether Plaintiff may properly oppose Defendants' summary judgment motion on the issue of excessive force by remaining silent on that issue in her response to Defendants' Motion and by instead relying upon her own summary judgment motion which addresses liability on the entirely separate issue of wrongful seizure. Notwithstanding this concern, the Court reviewed Plaintiffs' "motion for summary judgment and the pleadings to be filed supporting that motion" to determine whether they contain any basis to deny Defendants' Motion.

These filings, however, only address legal issues applicable to the unlawful seizure of property claim. There is no mention of the customs and practices of the SWAT team or the supervisors' alleged misconduct with respect to the excessive force claim. Thus, Plaintiff's referral to her motion for partial summary judgment and "the pleadings to be filed supporting that motion" is an empty promise. Moreover, there is nothing in this record that these supervisors' prior failure to properly address issues of the use of excessive force bears a casual connection to the alleged constitutional harm in this case. *Connick v. Thompson*, ___ U.S. ___, ___ S.Ct. ___, 2011 WL 1119022 at *6-7 (U.S.S.C. March 29, 2011). As a district court recently observed "the Ninth Circuit has found a supervisor's conduct sufficient to establish the requisite casual link only when the supervisor engaged in at least some type of conduct *before* the unconstitutional incident and the supervisor knew or should have known that his conduct could cause the constitutional violation the plaintiff suffered." *Jones v. County of Sacramento*, 2010 WL 2843409 at *7 (E.D. Cal. July 20, 2010) (emphasis in original and *citing Blankenhorn*

- 2 -

1  *v. City of Orange*, 485 F.3d 463 (9th Cir. 2007), *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991), *Watkins v. City of Oakland*, 145 F.3d 1087 (9th Cir. 1998).  In *McRorie v. Shimoda*, 795 F.2d 780 (9th Cir. 1986), the Circuit did reverse a Rule 12(b)(6) dismissal of an excessive force claim against supervisors noting that "[p]olicy or custom may be inferred if . . . the prison officials took no steps to reprimand or discharge the guards, or if they otherwise failed to admit the guards' conduct was in error." *Id*. at 784.  But that case involved the obviously egregious allegation that a prison guard attempted to plunge a riot stick into plaintiff's anus during s strip search and it was a ruling addressing a motion to dismiss such that the record contained no facts regarding how prison officials responded to the guard's treatment of plaintiff.  *Id*.  The dictum in *McRorie* and its sole citation to a Fifth Circuit case are insufficient to overcome the state of this Circuit's current law noted in *Jones*.  This conclusion is supported by the Circuit's February 2011 decision in *Starr v. Baca*, 633 F.3d 1191 (9th Cir. 2011), which, in addition to rejecting Defendants' argument that *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009), ended § 1983 supervisory liability, allowed for "acquiescence" liability where the record contained evidence of noncompliance with recommendations for safer jails after "years of monitoring".  *Starr* at 1198.

*§ 1983 Municipal Liability Claim Against Defendant City of Yuma*

Under *Monell v. Dep't. of Soc. Servs*., 436 U.S. 658 (1978), a city may be liable under § 1983 if it executed or implemented a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers".  *Id*. at 690 or "the city made a deliberate or conscious choice to fail to train its employees adequately."  *Boyd* at 784 (quotations omitted).  The need for more or different training must be "so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989).

With regard to Plaintiff's claim of municipal liability she contends without citation to authority that "[t]he acceptance of dangerous recklessness by the policymaker proves their

- 3 -

1  preexisting disposition and the policy of the municipality." (Doc. 115 at p. 13.) As set forth
2  in the preceding section, the Circuit authority is to the contrary. At best, such policy or practice
3  may be inferred by a jury but the record in this case contains no evidence of City or final policy
4  maker previous awareness or acquiescence such as existed with the multiple-year investigations
5  in *Lazar*, previous excessive force dog bites in *Watkins,* and the alleged acquiescence in the
6  officer's previous use of excessive force in *Blankenhorn*.

7  Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment does
8  not address Defendants' arguments against Plaintiff's failure to train claim and thus it may be
9  assumed that Plaintiff concedes this point. However, the Court's review of the record evidence
10 supports the dismissal of Plaintiff's failure to train claim. Plaintiff's own expert finds no fault
11 with Defendants' training regarding the use of the breaching shotgun. See Defendants'
12 Statement of Facts Nos. 125, 128 and 124 parts 4 and 5 to which Plaintiff has no objection.
13 (Doc. 116 at pp. 38-40.) To the extent that Plaintiff might contend that Ruby's conduct in this
14 case evidences a failure to train, a single incident cannot be the basis for a failure to train claim.
15 *Blankenhorn* at pp. 484-85.

16 *Negligence Claims*

17 Defendants' motion seeks dismissal of the negligence claims based upon the assertion
18 of state statutory immunity and a failure of proof. Fact issues to be resolved at trial preclude
19 summary adjudication in favor of Defendants Ruby and Fazz on these grounds. Moreover, the
20 City of Yuma faces potential liability for negligence under a respondeat superior theory. With
21 respect to the claims against Raebel, Lekan, and Robinson, Plaintiff's thin response to
22 Defendants' Motion (which quoted in its entirety states:  "Plaintiff has established numerous
23 breaches of the standard of care, as outlined above and more fully in the report of Roger Clark."
24 Response at p. 13), is insufficient to obtain a result different than the Court's rulings on the
25 matters "outlined above."  Plaintiff's Amended Complaint makes an additional separate
26 allegation against Defendant Raebel that he "breached the standard of care by failing to conduct
27 an adequate background investigation before the SWAT raid." Amended Complaint at ¶ 111.
28

- 4 -

Plaintiff has not responded to Defendants' record evidence that an investigation was conducted other than with a general citation to her expert's report. Such general references do not comply with our Local Rules which require contradicting statements of fact to cite to the specific place in the record where admissible evidence of the fact issue may be found. Local Rules of Civil Procedure 56.1(b) & (e). Nonetheless, the Court has found no evidence in the record that a different investigation before the morning of the raid would have made any difference. The record appears plain that the officers executing the search warrant were aware that Mrs. Lucero and her husband lived in the home. Moreover, the report of Plaintiff's expert focuses on the alleged failures to make appropriate inquiries during the raid itself. Raebel was not present during the raid. Defendants' (unobjected) Statement of Fact 120.

*Battery Claim*

Defendants seek dismissal of the battery claim on the basis that a claim for battery requires that the Defendant intended to cause a harmful or offensive contact with Plaintiff. There is no evidence in this case that Sgt. Ruby intended a harmful or offensive contact with Plaintiff. Plaintiff argues that the doctrine of transferred intent recognized in the Restatement provides for such liability and cites a comment where defendant's intent toward a dog could be transferred to the human ultimately harmed. The Court could find no comment or case extending this theory to the facts presented here where there was an intent to damage an inanimate object like a door. Such an intent cannot be "transferred" so as to constitute the requisite intent for a battery.

*Punitive Damages Claim*

Defendants also seek dismissal of the § 1983 punitive damages claim. Under the Ninth Circuit's model jury instructions, a jury is instructed:

> You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal

- 5 -

> law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

Ninth Circuit Model Civil Jury Instructions, 5.5 PUNITIVE DAMAGES. The Court cannot say that no jury could find reckless or callous indifference in this case. *Smith v. Wade*, 461 U.S. 30, 56 (1983). Defendants' motion to dismiss the § 1983 punitive damages claim will be denied.

*Plaintiffs' Motion to Strike*

Plaintiffs' Motion to Strike is DENIED as MOOT in light of the Court's other rulings.

*Defendants' Motion to Exclude the Opinion of Roger Clark*

Finally, at the oral argument the Court expressed its view that it was disinclined to grant Defendants' Motion to Exclude the Opinions of Roger Clark. After further consideration, the Court sees no reason to depart from its preliminary view: that it will not exclude Plaintiff's expert but that it will not permit the expert to testify about matters for which his Report did not provide fair notice to Defendants. Application of this disclosure standard must await objections asserted in the Pretrial Order and during Plaintiff's trial examination of her expert. Accordingly,

**IT IS HEREBY ORDERED** denying Defendants' Motion for Summary Judgment with respect to the § 1983 claims against Defendant Fazz (Doc. 106).

**IT IS FURTHER ORDERED** granting Defendants' Motion for Summary Judgment with respect to the § 1983 supervisor liability claims against Defendants Lekan, Raebel, and Robinson (in both his individual and official capacities).

**IT IS FURTHER ORDERED** granting Defendants' Motion for Summary Judgment with respect to the § 1983 municipal liability claims against the City of Yuma.

**IT IS FURTHER ORDERED** granting in part and denying in part Defendants' Motion for Summary Judgment with respect to the negligence claims against Defendants Ruby, Fazz, Raebel, Lekan, Robinson and the City of Yuma. The negligence claims against Defendants Raebel, Lekan, and Robinson are dismissed.

1  **IT IS FURTHER ORDERED** granting Defendants' Motion for Summary Judgment
2  with respect to the battery claim.
3  **IT IS FURTHER ORDERED** denying Defendants' Motion for Summary Judgment
4  seeking dismissal of the § 1983 punitive damages claim.
5  **IT IS FURTHER ORDERED** denying Plaintiffs' Motion to Strike (Doc. 115), as moot.
6  **IT IS FURTHER ORDERED** denying Defendants' Motion to Exclude the Opinion of
7  Roger Clark (Doc. 123).
8  DATED this 2nd day of May, 2011.

David K. Duncan
United States Magistrate Judge